IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-744-BO-KS

| | |
|---|---|
| JORDAN DUBLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's application, filed pursuant to 28 U.S.C. § 1915, to proceed in forma pauperis. (IFP Appl. [DE #2].) For the reasons set forth below, it is recommended that Plaintiff's application to proceed in forma pauperis be denied.

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

After initial review of Plaintiff's application for in forma pauperis ("IFP") status, the court directed Plaintiff to provide, on or before March 28, 2025, supplemental information to cure deficiencies in his IFP application. (3/14/2025 Order [DE #6]; IFP Appl. [DE #2].) On April 2, 2025, Plaintiff notified the court of a change of telephone number. (Notice Telephone Number [DE #7].) On April 8, 2025,

the court received a supplement to Plaintiff's IFP application.[1] (Suppl. IFP Appl. [DE #7].) Despite the supplemental information, deficiencies in Plaintiff's IFP application remain such that it is recommended that Plaintiff's IFP application be denied.

    First, Plaintiff has failed to clarify his prior employment and related income. As noted in the March 14, 2025, Order, Plaintiff's IFP application lists substantial monthly income from two employers ($10,250 from RTP Solutions LLC and $7,500 from Dublin Wealth Enterprises). Plaintiff's IFP application stated that he earned the monthly income from RTP Solutions LLC in "02/18/2013" and the monthly income from Dublin Wealth Enterprises in "08/26/2022." (IFP Appl. at 2.) In his supplement to the IFP application, Plaintiff explains that he is the "owner and operator of these businesses," these businesses are "not currently generating meaningful income due to [Plaintiff's] own personal financial hardship," and "[a]ny appearance of inconsistency [regarding the information stated in the IFP application] is due to a misunderstanding of that timeline—not a misrepresentation." (Suppl. IFP Appl. at 1–2.) Plaintiff further states that the income amounts he listed in his IFP application were "earned during early 2024." (*Id.* at 2.) Plaintiff's supplement to his IFP application does not clarify the information regarding his prior income that Plaintiff stated in his IFP application—it only adds to the lack of clarity. Rather than clearly stating his income for a specific time period, as the IFP application form directs,

---

[1] Plaintiffs supplement is signed and dated March 22, 2025. (Suppl. IFP Appl. at 5.) The certified mail return receipt card indicates receipt by the Clerk of Court on April 8, 2025. There is no postmark or other evidence indicating when Plaintiff mailed this filing. (*See* Suppl. IFP Appl., Envelope [DE #8-3].)

Plaintiff has now stated that the information he provided in his IFP application is inaccurate. Moreover, Plaintiff's supplement only vaguely indicates when he earned the income noted—"early 2024." Furthermore, combined monthly income of more than $17,000 for "early 2024" is significant. Lastly, Plaintiff's supplement fails to address Plaintiff's statement in his IFP application that he expects major changes to his income, which the court specifically highlighted in the March 14, 2025, order. (3/14/2025 Order [DE #6]; Suppl. IFP Appl.)

Second, Plaintiff's stated expenses also undermine the finding that payment of the filing fee would deprive Plaintiff or his dependents of the necessities of life. *See Adkins*, 335 U.S. at 339; (IFP Appl. at 4). While Plaintiff has minor children, they reside with Plaintiff's grandmother, and Plaintiff does not indicate what amount he contributes to their support. (*See* Suppl. IFP Appl. at 3–4 (stating "I continue to provide for my children's weekly food, transportation, and care" and "[e]very available dollar is used to support my children").) Moreover, monthly expenses of $600 for clothing and $1,200 for transportation suggest that having to budget and pay the filing fee for this lawsuit would not deprive Plaintiff of the necessities of life. (*See* IFP Appl. at 4.)

Moreover, this court has denied Plaintiff's IFP applications in three other cases, all of which involved similarly deficient IFP applications. *Dublin v. Lexis Nexis Sol'ns Inc.*, No. 5:25-CV-13-BO-KS, ECF No. 8 (E.D.N.C. May 5, 2025); *Dublin v. Early Warning Servs. LLC*, No. 5:24-CV-717-BO-KS, ECF No. 17 (E.D.N.C. April 15,

2025); *Dublin v. Trans Union LLC*, No. 5:24-CV-743-BO-KS, ECF No. 11 (E.D.N.C. April 7, 2025).

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis [DE #2] be DENIED and the Clerk be directed to close this case unless Plaintiff pays the requisite filing fee by **June 19, 2025**.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiff. Plaintiff shall have until **June 3, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's

4

failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 19th day of May 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge